[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15855
Non-Argument Calendar

_____

D. C. Docket No. 04-60140-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CAROL MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 8, 2005)**

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Carol Mitchell appeals her 21-month sentence for 31 counts of unlawful

production of Social Security Account Number ("SSAN") cards, in violation of 18 U.S.C. §§ 1028(a)(1), (b)(1), and (c)(1), and conspiracy to produce SSAN cards unlawfully, in violation of 18 U.S.C. § 1028(f). After <u>de novo</u> review, we vacate Mitchell's sentence and remand for resentencing.

## I. BACKGROUND

### A. Plea Colloquy

On July 23, 2004, Mitchell pled guilty without a written plea agreement to 31 counts of unlawful production of SSAN cards and conspiracy to produce SSAN cards unlawfully.

During the plea colloquy, the government set forth the following facts, which Mitchell admitted as true. Defendant Mitchell served as a claims representative at the Social Security Administration. An investigation revealed that between January 1996 and March 2004, defendant Mitchell, working with co-defendant Ricardo Moulton, certified and processed 55 Social Security Form 5 applications (SSAN card applications) for foreign-born individuals who under ordinary circumstances would not be entitled to SSAN cards.

Further, between July 1999 and September 2002, defendant Mitchell and co-defendant Moulton processed and issued 31 SSAN cards to various individuals who Mitchell knew were not entitled to SSAN cards. Mitchell received a fee for

2

processing the SSAN cards.

**B.     PSI and Sentencing**

The PSI recommended a base offense level of 11.  The PSI also

recommended: (1) a six-level enhancement pursuant to U.S.S.G. § 2L2.1(b)(2)(B)

because the offense involved between 25 and 99 SSAN cards; and (2) a two-level

enhancement for abuse of trust pursuant to U.S.S.G. § 3B1.3 because Mitchell

abused a position of public trust in a manner that significantly facilitated the

commission or concealment of the offense.  After a three-level reduction for

acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, Mitchell's total offense

level was 16.  With a criminal history category of I, Mitchell's Guidelines range

was 21-27 months' imprisonment.

Mitchell objected to the PSI's recommendation of the abuse-of-trust

enhancement, asserting that the enhancement violated her Fifth and Sixth

Amendment rights under Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531

(2004).[1]  During the sentencing hearing, Mitchell renewed her Blakely objection,

which the district court overruled, noting that this Court had held in United States

v. Reese, 382 F.3d 1308 (11th Cir. 2004), vacated by 125 S. Ct. 1089 (U.S. Jan. 24,

---

[1]During the plea colloquy, Mitchell admitted to wrongfully processing 55 SSAN applications and 31 SSAN cards.  Thus, Mitchell did not object to the six-level enhancement pursuant to § 2L2.1(b)(2)(B).

2005) (No. 04-7570), that the Supreme Court's decision in <u>Blakely</u> did not apply to the Sentencing Guidelines. The district court then sentenced Mitchell to 21 months' imprisonment followed by three years' supervised release. Mitchell timely appealed.

## II. DISCUSSION

On appeal, Mitchell argues that, under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490,120 S. Ct. 2348, 2362-63 (2000), and <u>Blakely</u>, the district court erred by applying the abuse-of-trust enhancement based on facts that were not charged in the indictment and that she did not admit.

In <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005), the Supreme Court held that <u>Blakely</u> applied to the Sentencing Guidelines. <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1297-98 (11th Cir. 2005). Under <u>Booker</u>, "there are two types of sentencing errors: one is constitutional and the other is statutory." <u>United States v. Dacus</u>, – F.3d –, 2005 WL 1017985, at *2 (11th Cir. May 3, 2005). "[T]he Sixth Amendment right to trial by jury is violated where <u>under a mandatory guidelines system</u> a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." <u>Rodriguez</u>, 398 F.3d at 1298. The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme,

4

even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, we conclude that there is no Sixth Amendment violation because during the plea colloquy, Mitchell admitted to the facts supporting the § 3B1.3 abuse-of-trust enhancement. The facts at the plea colloquy established that Mitchell was a claims representative at the Social Security Administration and that, for a fee, she certified and processed 55 Social Security Form 5 applications and 31 SSAN cards for people who under ordinary circumstances would not be entitled to those documents. The district court's determination that these facts justified an abuse-of-trust enhancement were legal conclusions under the Guidelines properly made by the district court. Although there is no Sixth Amendment violation in this case, there is still Booker statutory error.[2]

Mitchell properly preserved her Booker claim in the district court by objecting to the PSI based on Blakely and by renewing that objection at sentencing. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005). When there is a timely objection in the district court, we review the defendant's Booker claim de novo and determine whether the error is harmless. See United States v. Paz,

---

[2]Indeed, on appeal, Mitchell does not argue that the facts in her case did not justify the abuse-of-trust enhancement under the Guidelines. Rather, Mitchell argues that the mandatory aspect of the Guidelines created the error in her sentence.

5

405 F.3d 946, 948 (11th Cir. 2005). A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.' If one can say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error." United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004) (citations omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 764, 66 S. Ct. 1239, 1248 (1946)).[3] "The burden is on the government to show that the error did not affect the defendant's substantial rights." United States v. Gallegos-Aguero, – F.3d – , 2005 WL 1160635, at *2 (11th Cir. May 18, 2005); see also United States v. Robles, – F.3d –, 2005 WL 1083487, at *3 (11th Cir. May 10, 2005).

In this case, the government must show that the use of the mandatory Guidelines did not affect Mitchell's substantial rights. However, in the record in this case, there is no evidence indicating what effect, if any, changing from a mandatory to an advisory approach would have had on the district court's sentencing decision. Accordingly, "[w]e simply do not know what the sentencing

---

[3]Because this is a Booker statutory error case we will apply the non-constitutional harmless error standard, instead of the heightened "beyond a reasonable doubt" test, which applies to constitutional error. See United States v. Robles, – F.3d –, 2005 WL 1083487, at *3 (11th Cir. May 10, 2005) ("When the error is of the constitutional variety, a higher standard is applied and it must be clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." (internal quotation marks and citation omitted)).

court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)." United States v. Davis, – F.3d – , 2005 WL 1033422, at *2 (11th Cir. May 4, 2005).  Thus, the government has failed to carry its burden.  See id.

Accordingly, we vacate Mitchell's sentence and remand to the district court for resentencing.  We note that the district court correctly calculated Mitchell's Guidelines range.  See United States v. Crawford, – F.3d –, 2005 WL 1005280, at *3-4 (11th Cir. May 2, 2005) (stating that after Booker, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines").  Thus, on remand, the district court is required to sentence Mitchell under an advisory Guidelines regime, and shall consider the Guidelines range of 21-27 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)."  Booker, 125 S. Ct. at 757.[4]

**VACATED AND REMANDED.**

---

[4]We do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely hold that the government has failed to meet its burden to show that the Booker statutory error of sentencing under a mandatory Guidelines regime was harmless.

We also will not attempt to decide now whether a particular sentence below or above the Guidelines range might be reasonable in this case.  If there is an appeal of the actual post-remand sentence which raises that issue, we can decide it then.