[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 07, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-15899
Non-Argument Calendar

D.C. Docket No. 04-00203-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO MEDRANO RODRIGUEZ,
a.k.a. Fernando Medrano-Rodriguez,

Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Georgia

**(July 7, 2005)**

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Fernando Medrano Rodriguez appeals his 46-month sentence for illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) and (b). On appeal, Rodriguez argues that the Supreme Court's decision in United States v. Booker, 543 U.S.___, 125 S. Ct. 738 (2005), requires resentencing. After review, we vacate Rodriguez's sentence and remand for resentencing.

## I. BACKGROUND

### A. Plea Colloquy

Rodriguez pled guilty without a written plea agreement to illegal reentry by a deported alien. During the plea colloquy, the government set forth the following facts, which Rodriguez admitted as true. Rodriguez is a citizen of Mexico. Rodriguez was convicted in Georgia superior court of aggravated assault, and because of the conviction, Rodriguez was deported. Rodriguez then reentered the United States without the permission of either the Attorney General of the United States or the Department of Homeland Security. At the conclusion of the plea colloquy, the district court adjudged Rodriguez guilty.

### B. PSI and Sentencing

The Presentence Investigation Report ("PSI") recommended a base offense level of 8, pursuant to U.S.S.G. § 2L1.2. The PSI also recommended a 16-level enhancement because Rodriguez's previous deportation was the result of a crime

2

of violence, namely the aggravated assault conviction in Georgia.[1]  Finally, the

PSI recommended a 3-level reduction for acceptance of responsibility, pursuant to

U.S.S.G. § 3E1.1.  With a total offense level of 21 and a criminal history category

of III, Rodriguez's Guidelines range was 46-57 months' imprisonment.  Neither

party raised any objections to the PSI.

During the sentencing hearing, Rodriguez objected to the district court's use

of the Guidelines in computing his sentence.  Rodriguez's objection was based on

Blakely v. Washington,  542 U.S. ___, 124 S. Ct. 2531 (2004).  The district court

overruled Rodriguez's Blakely objection, citing this Court's decision in United

States v. Reese, 382 F.3d 1308 (11th Cir. 2004), vacated by 125 S. Ct. 1089

(2005).  In Reese, this Court had held that Blakely did not apply to the Guidelines.

Id. at 1312.  The district court adopted the factual statements in the PSI and

sentenced Rodriguez to 46 months' imprisonment.

Rodriguez timely appealed.

## II. DISCUSSION

---

[1]Section 2L1.2 is the Guidelines provision for "Unlawfully Entering or Remaining in the United States."  Section 2L1.2(b)(1)(A) provides for a 16-level enhancement if the deportation resulted from a crime of violence, as follows: "If the defendant previously was deported, or unlawfully remained in the United States, after – (A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase by 16 levels."  U.S.S.G. § 2L1.2(b)(1)(A)(ii).

On appeal, Rodriguez argues that, under Blakely and United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), the district court erred by applying the 16-level crime-of-violence enhancement based on facts that were not charged in the indictment and that he did not admit. Alternatively, Rodriguez argues that even if there is no Sixth Amendment violation, the district court erred by imposing his sentence pursuant to a mandatory Guidelines regime.

In Booker, the Supreme Court held that Blakely applied to the Sentencing Guidelines. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir. 2005), cert. denied, – S. Ct. – , 2005 WL 483174 (U.S. June 20, 2005). Under Booker, "there are two types of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1298. The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, we conclude that there is no Sixth Amendment violation. First, during the plea colloquy, Rodriguez admitted to the facts supporting the § 2L1.2(b)(1)(A)(ii) crime-of-violence enhancement. The facts at the plea colloquy established that Rodriguez is a citizen of Mexico and that Rodriguez was convicted in a Georgia superior court of aggravated assault. After the aggravated assault conviction, Rodriguez was deported. Under § 2L1.2(b)(1)(A)(ii), the district court should apply a 16-level enhancement if the alien was deported after a crime of violence. The commentary to § 2L1.2(b)(1)(A)(ii) specifically includes aggravated assault in the definition of "crime of violence."[2] Thus, Rodriguez admitted that he was convicted of a crime of violence and was deported thereafter.

Alternatively, we note that the 16-level crime-of-violence enhancement was based on a prior conviction, and even post-Booker, "there is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions, including those specified in § 2L1.2(b)(1)(A)." United States v. Gallegos-Aguero, – F.3d – , 2005 WL 1160635, at *1 (11th Cir. May 18, 2005). Further, the Sixth

---

[2]The commentary to U.S.S.G. § 2L1.2(b)(1)(A) defines "crime of violence" as follows: "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another. U.S.S.G. § 2L1.2, cmt. (n. B(iii)).

Amendment does not require a jury to find that the prior conviction is within the category of offenses described in § 2L1.2(b)(1)(A)(ii). See id.

Although there is no Sixth Amendment violation in this case, there is still Booker statutory error. Rodriguez properly preserved his Booker claim in the district court by objecting during sentencing based on Blakely. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005). When there is a timely objection in the district court, we review the defendant's Booker claim de novo and determine whether the error is harmless. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.' If one can say 'with fair assurance that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error." United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004) (internal citations and punctuation omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 762, 764, 66 S. Ct. 1239, 1246, 1248 (1946)).[3] "The burden is on the government to show that the error did not

---

[3]Because this is a Booker statutory error case, we will apply the non-constitutional harmless error standard, instead of the heightened "beyond a reasonable doubt" test, which applies to constitutional error. See United States v. Robles, 408 F.3d 1324, 1327 (11th Cir. 2005) ("When the error is of the constitutional variety, a higher standard is applied and it must be clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." (internal quotation marks and citation omitted)).

6

affect the defendant's substantial rights." Gallegos-Aguero, 2005 WL 1160635, at *2; see also United States v. Robles, 408 F.3d 1324, 1327 (11th Cir. 2005).

In this case, the government must show that the use of the mandatory Guidelines did not affect Rodriguez's substantial rights. However, in the record in this case, there is no evidence indicating what effect, if any, changing from a mandatory to an advisory approach would have had on the district court's sentencing decision. Accordingly, "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)." United States v. Davis, 407 F.3d 1269, 1271 (11th Cir. 2005). Thus, the government has failed to carry its burden. See id. at 1271-72.

Accordingly, we vacate Rodriguez's sentence and remand his case to the district court for resentencing. We note that the district court correctly calculated Rodriguez's Guidelines range. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Rodriguez under an advisory Guidelines regime, and shall consider the Guidelines range of 46-57

months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." <u>Booker</u>, 125 S. Ct. at 757.[4]

**VACATED AND REMANDED.**

---

[4]We do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely hold that the government has failed to meet its burden to show that the <u>Booker</u> statutory error of sentencing under a mandatory Guidelines regime was harmless.

We also will not attempt to decide now whether a particular sentence below or above the Guidelines range might be reasonable in this case. If there is an appeal of the actual post-remand sentence raising that issue, we can decide it then.