[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14922
Non-Argument Calendar

_____

D.C. Docket No. 04-80022-CR-KLR

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEENAN HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(July 11, 2005)

Before BIRCH, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Kennan Holmes appeals his total 240-month sentence, imposed after he pled

guilty to bank robbery by force and/or violence, in violation of 18 U.S.C. §§ 2113(a),

2113(d), and 2; conspiracy to commit bank robbery while armed, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 371; and possession of a firearm during the commission of a felony, in violation of 18 U.S.C. §§ 924(c) and 2. We affirm.

According to the PSI, Holmes's Guidelines range, based on an adjusted offense level of 31 and a criminal history category VI, was 262-327 months' imprisonment. At the sentencing hearing, the government moved for a downward departure, under U.S.S.G. § 5K1.1, based on Holmes's substantial assistance and recommended that he be sentenced to a 200-month term of imprisonment. The district court granted the government's motion, but stated that it would mitigate the reduction in light of Holmes's criminal history and impose a 240-month term of imprisonment.

On appeal, Holmes argues that because he was sentenced under a mandatory Guidelines scheme that required the district court to consider only the career-offender sentencing range in determining the departure amount, he was sentenced based on an erroneous application of the Guidelines, in violation of United States v. Booker, 543 U.S. ----, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Because Holmes raised his Booker objection in the district court, we review this claim de novo, but will reverse only if any error was harmful. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

We have stated that two types of <u>Booker</u> error exist: constitutional error and non-constitutional, or statutory, error. <u>See</u> <u>United States v. Mathenia</u>, 2005 WL 1201455, *2 (11th Cir. May 23, 2005). The latter type of error-- the kind asserted here -- is subject to a less demanding harmless-error standard than that for constitutional errors. <u>Id.</u> A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." <u>Id.</u> (internal quotations and citation omitted). Thus, in cases involving preserved <u>Booker</u> non-constitutional error, the government must show that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to the defendant's sentence. <u>Paz</u>, 405 F.3d at 948-49 (holding that the government could not meet its burden under harmless error analysis because the record indicated that had the guidelines been advisory, defendant's sentence would have been shorter); <u>see</u> <u>also</u> <u>United States v. Gallegos-Aguero</u>, --- F.3d ---, 2005 WL1160635, *2 (11th Cir. May 18, 2005) ("Non-constitutional error is harmless when it does not affect the substantial rights of the parties" (citing 28 U.S.C. § 2111)).

After thorough review of all relevant parts of the record, including the sentencing transcript and the presentence investigation report, and careful consideration of the parties' briefs, we conclude that the district court's imposition of sentence, based on a mandatory application of the Guidelines, constituted harmless error. Pursuant to the government's § 5K1.1 motion, the district court reduced Holmes's sentence to 240 months' imprisonment, specifically stating that it had "to temper" the government's requested reduction for a 200-month sentence to take into account Holmes's criminal history, which included many crimes of violence. Moreover, in response to Holmes's <u>Booker</u> objection, the district court stated that it believed that the sentence was "a fair one," notwithstanding the Guidelines.[1] Indeed, the court went on to note: "I will tell you that, if freed from the guidelines, it's not clear to me that the sentence would be any less. In fact, I think there's a chance it would have been higher." On this record, it is clear that any <u>Booker</u> error resulting from the district court's application of the Guidelines in a mandatory fashion was harmless as the error did not affect the sentence, or had but a slight effect. Accordingly, we affirm.

**AFFIRMED.**

---

[1] Thus, this is not a case where the government has tried to satisfy its burden to show harmlessness by relying only on the district court's grant of a § 5K1,1 reduction. <u>Compare</u> <u>United States v. Davis</u>, --- F.3d ----, 2005 WL 1033422 (11th Cir. May 4, 2005).

4