[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 4, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-14585
Non-Argument Calendar

_____

D. C. Docket No. 04-00004-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMMY DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 4, 2005)**

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

In this case, we apply harmless error analysis to a claim made pursuant to

United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). We reject the

Government's argument that the grant of its U.S.S.G. § 5K1.1 motion eliminated or rendered harmless any Booker error. Accordingly, we vacate Davis's sentence, and remand for resentencing consistent with the Supreme Court opinions in Booker.

Timmy Davis pleaded guilty to possession of pseudoephedrine with intent to manufacture methamphetamine, a violation of 21 U.S.C. § 841(c)(1). In his guilty plea, Davis did not admit to any specific drug quantity. At sentencing, the district court determined that 11.82 grams of pseudoephedrine was attributable to Davis, and following the then-mandatory Federal Guidelines, assigned him a base level of twenty-six. The court reduced this to level twenty-three after giving him credit for acceptance of responsibility. The court computed Davis's criminal history as category two, and noted that the guidelines recommended a range of 51-63 months' imprisonment for criminal history category two at offense level twenty-three. The Government made a motion for downward departure pursusant to U.S.S.G. § 5K1.1 because Davis cooperated with the Government, and his cooperation helped the Government obtain guilty pleas from other defendants. The sentencing court granted the motion, departed downward from the guidelines, and imposed a sentence of 38 months' imprisonment.

While this case was pending on appeal, the Supreme Court decided United

States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005). In Booker, the Supreme Court did two things: first, following Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), it held that sentence enhancements based solely on judicially found facts pursuant to the mandatory Federal Sentencing Guidelines violated the Sixth Amendment; and second, it rendered the guidelines effectively advisory in order to comport with the Sixth Amendment by excising those provisions of the statute that made the guidelines mandatory. Id. at ___,125 S.Ct. at 749-51, 764. The Supreme Court stated that even though the guidelines were effectively advisory, the Federal Sentencing Act "nonetheless requires judges to take account of the Guidelines together with other sentencing goals" announced in 18 U.S.C. § 3553(a). Id. at __, 125 S.Ct. at 764.

Davis's sentence was enhanced, under a mandatory guidelines system, based on facts found by the judge and not admitted by him, and Booker indicates that was a violation of Davis's Sixth Amendment right. Id. at __, 125 S.Ct. at 756. In the district court and in his initial brief on appeal, Davis argued that the court's finding with respect to drug quantity violated his constitutional rights according to the Supreme Court's decision in Blakely. Davis therefore timely raised his constitutional objection. Accordingly, we review the constitutional issue de novo, and we will reverse and remand unless the Government can demonstrate that the

3

error was harmless beyond a reasonable doubt. See United States v. Paz,

__F.3d__, 2005 WL 757876 (11th Cir. April 5, 2005) (applying harmless error

review to a sentence imposed using extra-verdict enhancements in a mandatory

guideline system).

In Paz, we explained that harmless error analysis puts the burden on the

Government to show "'beyond a reasonable doubt that the error complained of did

not contribute to the sentence obtained.'" Id. at __, 2005 WL 757876 at *2

(quoting United States v. Candelario, 240 F.3d 1300, 1307 (11th Cir. 2001)). In

cases involving preserved Booker error, the Government must show that the

mandatory, as opposed to the advisory, application of the guidelines did not

contribute to the defendant's sentence. Id. at __, 2005 WL 757876 at *2 (holding

that the Government could not meet its burden under harmless error analysis

because the record indicated that had the guidelines been advisory, his sentence

would have been shorter); see also United States v. Rodriguez, 398 F.3d 1291,

1300-01 (11th Cir. 2005) (applying plain-error review and stating the

constitutional error in Booker depended on a mandatory application of the

guidelines, and the question of prejudice turned on the probability of a different

result in an advisory, as opposed to a mandatory, guidelines system).

In Davis's case, the Government argues that the mandatory application of

4

the guidelines was harmless because the Government requested, and the judge

applied, a downward departure pursuant to U.S.S.G. § 5K1.1. U.S.S.G. § 5K1.1 is

a provision of the guidelines that allows the court to depart from the guidelines

based on the defendant's assistance to authorities when the Government motions

for such a departure. According to the Government, its § 5K1.1 motion gave the

court "virtually unfettered discretion to impose a sentence outside the guidelines

range." The Government reasons that this discretion removed any <u>Booker</u> error, or

rendered any <u>Booker</u> error harmless because the guidelines were not "mandatory"

in this particular case.

We cannot conclude that the sentencing court's grant of the § 5K1.1 motion

either removed <u>Booker</u> error or rendered it harmless beyond a reasonable doubt.

The flaw in the Government's argument is that the grant of § 5K1.1 did not give

the sentencing court "unfettered" discretion, but rather, gave the court only limited

discretion to consider the assistance that Davis rendered. This Court had

previously stated, "When, on the Government's motion, a district court grants a

downward departure under U.S.S.G. § 5K1.1 . . ., the sentence reduction may be

based only on factors related to the defendant's substantial assistance." <u>United</u>

States v. Luiz, 102 F.3d 466, 469 (11th Cir. 1996).[1] While the sentencing court had discretion under § 5K1.1 in deciding whether to depart from the guidelines and the extent of that departure, it did not have the discretion to consider factors unrelated to the nature and type of Davis's assistance. Importantly, the sentencing court could not permissibly consider the sentencing factors announced in 18 U.S.C. § 3553(a) when exercising its discretion.

We simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a). Therefore, the Government cannot meet its burden of showing that the mandatory application of the guidelines in violation of Davis's Sixth Amendment right was harmless beyond a reasonable doubt. Cf. Rodriguez, 398 F.3d at 1301 (applying plain error analysis, and stating that because the defendant bore the burden of persuasion and no one could know what would have happened in an advisory system, the defendant could not meet his burden).

Accordingly, we REVERSE and REMAND for re-sentencing consistent with Booker.

---

[1] The Government's brief emphasizes that Davis's plea agreement acknowledged "whether or not the sentencing court decides to depart downward below a guideline range or statutory minimum sentence, or reduce the defendant's sentence, as well as the extent of any such downward departure or reduction, is completely within the sentencing court's discretion." This is simply an acknowledgment of the sentencing court's limited discretion to depart downward on the basis of Davis's assistance.