[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2005
THOMAS K. KAHN
CLERK

No. 04-15184
Non-Argument Calendar

_____

D. C. Docket No. 03-00021-CR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE ANTHONY PIPPEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 27, 2005)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

George Anthony Pippen appeals his 41-month sentence, imposed after he pled

guilty to one count of distributing methamphetamine, in violation of 21 U.S.C. §

841(a)(1). On appeal, he argues the district court sentenced him based on a drug quantity not charged in the indictment or admitted by him in his plea agreement, in violation of Blakely v. Washington, 542 U.S. ---, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2005), and United States v. Booker, 543 U.S. ---, 125 S. Ct. 738 (2005). Pippen raised this argument in the district court and therefore is entitled to de novo review. United States v. Paz, 405 F.3d 946, 947 (11th Cir. Apr. 5, 2005). We will reverse a Booker error only if the error was harmful, meaning that the error affected substantial rights. Id. In its brief, which we note was filed before our Paz decision, the government states that it believes remand for resentencing is appropriate because the district court did not indicate whether it would impose the same sentence if the Guidelines were advisory in nature.

After thorough review of the record, as well as careful consideration of the parties' briefs, we find no Booker constitutional error. However, we find Booker non-constitutional error and conclude that because the government has not met its burden to show harmlessness, and indeed appears to concede the error was not harmless, we vacate and remand Pippen's sentence for resentencing, pursuant to the discretionary Sentencing Guidelines scheme now required by Booker.

The relevant facts are these. According to the PSI, Pippen pled guilty to an offense involving 1.9 grams of methamphetamine. The PSI, however, attributed 4.16

2

grams of methamphetamine to Pippen for purposes of calculating his offense level. This greater amount included the amounts involved in three additional methamphetamine-related charges for which Pippen was charged in the indictment. These three counts had been dismissed after Pippen pled guilty to the one count involving 1.9 grams. Based on 4.16 grams, the PSI calculated Pippen's base offense level at 24, pursuant to U.S.S.G. § 2D1.1(c)(8).

The PSI recommended a 2-level safety-valve reduction, but indicated that Pippen should not receive further reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1(a), because while he was out on bond, a drug test revealed he tested positive for methamphetamine use. Several days after the drug test, he was arrested by the county sheriff for theft of services, damaging public property, and criminal damage to property in the first degree after he unlawfully obtained natural gas from city lines for his automotive repair service without first paying or obtaining authorization for the connection. With a criminal history category I and an adjusted offense level of 22, the Guidelines range was 41 to 51 months' imprisonment.

At the sentencing hearing, Pippen made no objections to the PSI's factual statements. However, he lodged a Blakely objection to the PSI's recommended sentencing range, arguing that his co-defendant had received a sentence of only 18 months. He also objected to the denial of a reduction for acceptance of responsibility.

3

He asserted that the drug test results potentially were inaccurate and were insufficient, standing alone, to support denying the reduction.

The district court stated that it recognized Pippen's <u>Blakely</u> objection and realized that if the federal Guidelines were found unconstitutional, "there may be something in all of this that will have to be revisited or reexamined." However, relying on the controlling law in this Circuit at the time of Pippen's sentencing, the district court concluded that it had to continue to apply the Guidelines and, accordingly, imposed a 41-month sentence, which was at the bottom of the Guidelines range.[1] This appeal followed.

In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 490, 120 S. Ct. at 2362-63. The Court subsequently applied the <u>Apprendi</u> rule in the

---

[1] As for Pippen's objection to the denial of an acceptance-of-responsibility reduction, the court found that the drug test was reliable. Pippen presented no evidence to the contrary. A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility. <u>United States v. Sawyer</u>, 180 F.3d 1319, 1323 (11th Cir. 1999). We can find no clear error in this regard and affirm the district court's denial of the reduction. <u>See</u> <u>United States v. Calhoon</u>, 97 F.3d 518, 531 (11th Cir. 1996) (reviewing denial of acceptance-of-responsibility reduction for clear error).

4

context of Washington State's sentencing guideline scheme, clarifying that "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without</u> any additional findings." <u>Blakely</u>, 542 U.S. at ___, 124 S. Ct. at 2537 (citations omitted) (emphasis in original).

Most recently, in <u>Booker</u>, the Supreme Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in <u>Blakely</u>. <u>See</u> 125 S. Ct. at 749. "The constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is the mandatory nature of the guidelines once the guidelines range has been determined." <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1301 (11th Cir. 2005), petition for cert. filed, No. 04-1148 (Feb. 23, 2005).

Here, as a preliminary mater, Pippen does not argue, and we would not find, <u>constitutional</u> error based on <u>Booker</u>. Although the indictment did not allege, and Pippen did not admit as part of his guilty plea to, the drug quantity used to calculate his offense level, he failed to raise any fact-based objections to the PSI. Instead, he

5

objected to the denial of a reduction for acceptance of responsibility and the recommended sentencing range, based only on the lower18-month sentence given to his co-defendant. Because Pippen asserted no fact-based objection to the PSI, no Sixth Amendment violation occurred, within the meaning of Booker. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (holding that there was no Sixth Amendment violation where defendant did not raise any objections to the factual statements in the PSI and thus admitted to the facts that enhanced his sentence). On this record, there was no impermissible judicial factfinding in violation of the Sixth Amendment.

However, as conceded by the government, Pippen is right that there was Booker error, based on the remedial holding of the case, because the court treated the Guidelines range as mandatory and "the Supreme Court has now excised the mandatory nature of the Guidelines in Booker." Shelton, 400 F.3d at 1330 (reviewing Booker claim for plain error). In Shelton, we concluded that "it was [non-constitutional] Booker error for the district court to sentence Shelton under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Id. (citing Rodriguez, 398 F.3d at 1301 ("the [non-constitutional Booker] error is the mandatory nature of the guidelines once the guidelines range has been determined")). "As a result of Booker's remedial holding,

6

Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." Shelton, 400 F.3d at 1331.

"In cases involving preserved Booker error, the Government must show that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to the defendant's sentence." United States v. Davis, --- F.3d ---, 2005 WL 1033422, *1 (11th Cir. May 4, 2005) (citing Paz, 405 F.3d at 948). Based on the excision of the mandatory provisions of the Guidelines, in cases involving preserved Booker error, we have required the Government to show that the mandatory, as opposed to the advisory, application of the Guidelines did not contribute to the defendant's sentence. See Paz, 405 F.3d at 948 (holding that the Government could not meet its burden under harmless error analysis because the record indicated that had the Guidelines been advisory, his sentence would have been shorter). Thus, the government bears the burden to show that the non-constitutional Booker error did not affect substantial rights. See Fed. R. Crim. P. 52(a).

A non-constitutional error is harmless "if, viewing the proceedings in their entirety, a court determines that the error did not affect the [outcome], or had but very slight effect." United States v. Hornaday, 392 F.3d 1306, 1315 (11th Cir. 2004) (internal quotation marks and citations omitted). "If one can say 'with fair assurance . . . that the judgment was not substantially swayed by the error,' the judgment is due

7

to be affirmed even though there was error." Id. (quoting Kotteakos v. United States, 328 U.S. 750, 764 66 S. Ct. 1239, 1248, 90 L. Ed. 1557 (1946)); see also United States v. Frazier, 387 F.3d 1244, 1266 n.20 (11th Cir. 2004) (en banc) ("Errors do affect a substantial right of a party if they have a 'substantial influence' on the outcome of a case or leave 'grave doubt' as to whether they affected the outcome of a case." (quoting Kotteakos, 328 U.S. at 764-65, 66 S. Ct. at 1248)).

Based on our careful reading of the record, and particularly the transcript of the sentencing hearing, we can find no indication of whether or not the district court would have sentenced Pippen similarly under an advisory scheme. Cf. Rodriguez, 398 F.3d 1at 1301 (applying plain error analysis to an non-preserved Booker error, and stating that because the defendant bore the burden of persuasion and no one could know what would have happened in an advisory system, the defendant could not meet his burden). On this record, the government has not met its burden to show harmlessness, or no effect on substantial rights. Cf. Davis, 2005 WL 1033422 at *2 at 6 ("We simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a). Therefore, the Government cannot meet its burden of showing that the mandatory application of the guidelines in

violation of Davis's Sixth Amendment right was harmless beyond a reasonable doubt.").

Accordingly, we vacate Pippen's sentence and remand for resentencing consistent with Booker.[2]

**VACATED AND REMANDED.**

---

[2] We note that in this case, the district court correctly determined the Guidelines range for Pippen's conviction. On remand, pursuant to Booker, the district court is required to sentence Pippen under an advisory Guidelines scheme, and, in so doing, must consider the Guidelines range of 41-51 months' imprisonment, and other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004). Booker, 125 S. Ct. at 757.