[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15552
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-80082-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIVIANE ALADIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 31, 2005)

Before TJOFLAT, DUBINA, and MARCUS, Circuit Judges.

PER CURIAM:

Viviane Aladin appeals her 24-month sentence for illegally re-entering the United States after previous deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Aladin argues that the district court erred by applying a 12-level enhancement,

pursuant to U.S.S.G. § 2L1.2(b)(1)(B), based on her prior conviction for a drug trafficking offense, when the prior conviction was neither presented to a jury nor admitted by her, in violation of Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 261 (2005). Aladin also argues that the district court committed reversible error by treating the Sentencing Guidelines as mandatory, in violation of Booker. The government concedes that the district court committed Booker non-constitutional error by applying the Guidelines as mandatory and states that remand for resentencing is appropriate because the district court did not indicate whether it would impose the same sentence if the Guidelines were advisory in nature.

Aladin raised her arguments in the district court and therefore is entitled to de novo review. United States v. Paz, --- F.3d ---, 2005 WL 757876, *2 (11th Cir. Apr. 5, 2005). We will reverse a Booker error only if the error was harmful, meaning that the error affected substantial rights. Id. The government bears the burden of establishing that an error did not affect a defendant's substantial rights. Id.

As a preliminary matter, we easily dispense with Aladin's argument that her case presents a Booker constitutional error because the district court enhanced her sentence for a prior drug-trafficking conviction, when the prior conviction was neither presented to a jury nor admitted by her. In Booker, the Supreme Court held

2

that the mandatory nature of the Guidelines rendered them incompatible with the Sixth Amendment's right to a jury trial. See 543 U.S. __, 125 S. Ct. at 749-50. "[T]he Court left undisturbed its holding in Almendarez-Torres v. United States, that recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt." United States v. Orduno-Mireles, --- F.3d ---, 2005 WL 768134 (11th Cir. Apr. 6, 2005) (citing Almendarez-Torres v. United States, 523 U.S. 224, 247, 118 S. Ct. 1219, 1233, 140 L. Ed. 2d 350 (1998)). "Any fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756 (emphasis added).

"The reason for the exception for prior convictions is clear: 'a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.'" Orduno-Mireles, 2005 WL 768134 (quoting Jones v. United States, 526 U.S. 227, 249, 119 S. Ct. 1215, 1227, 143 L. Ed. 2d 311 (1999)). Simply put, there is no Sixth Amendment violation when a defendant's sentence is enhanced based on a prior conviction. "[B]ecause the prior-conviction exception remains undisturbed after Booker, a district court does not err by relying on prior convictions to enhance a defendant's sentence." Id.; see also

3

United States v. Camacho-Ibarquen, 404 F.3d 1283, 1290 (11th Cir. 2005) (holding that, pursuant to Almendarez-Torres, "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence"); United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005) (holding that the Supreme Court's decision in Almendarez-Torres "was left undisturbed by Apprendi, Blakely, and Booker," and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence").

However, as conceded by the government, Aladin is right that there was Booker non-constitutional error, based on the remedial holding of the case, because the district court treated the Guidelines range as mandatory and "the Supreme Court has now excised the mandatory nature of the Guidelines in Booker." Shelton, 400 F.3d at 1330 (reviewing Booker claim for plain error). In Shelton, we concluded that "it was Booker error for the district court to sentence Shelton under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Id. (citation omitted). "As a result of Booker's remedial holding, Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." Id. at 1331.

4

"In cases involving preserved <u>Booker</u> error, the Government must show that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to the defendant's sentence." <u>United States v. Davis</u>, --- F.3d ---, 2005 WL 1033422, *1 (11th Cir. May 4, 2005) (citing <u>Paz</u>, 2005 WL 757876 at *2). A non-constitutional error is harmless "if, viewing the proceedings in their entirety, a court determines that the error did not affect the [outcome], or had but very slight effect." <u>United States v. Hornaday</u>, 392 F.3d 1306, 1315 (11th Cir. 2004) (internal quotation marks and citations omitted). "If one can say 'with fair assurance . . . that the judgment was not substantially swayed by the error,' the judgment is due to be affirmed even though there was error." <u>Id.</u> (quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 764 66 S. Ct. 1239, 1248, 90 L. Ed. 1557 (1946)); <u>see also United States v. Frazier</u>, 387 F.3d 1244, 1266 n.20 (11th Cir. 2004) (<u>en banc</u>) ("Errors do affect a substantial right of a party if they have a 'substantial influence' on the outcome of a case or leave 'grave doubt' as to whether they affected the outcome of a case." (quoting <u>Kotteakos</u>, 328 U.S. at 764-65, 66 S. Ct. at 1248)).

Here, the record does not indicate whether or not the district court would have given Aladin the same sentence under an advisory scheme. Moreover, the government concedes that the district court's error was not harmless, and thus cannot meet its burden of showing that the error did not affect Aladin's substantial rights.

5

See Davis, 2005 WL 1033422, *2 ("We simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a). Therefore, the Government cannot meet its burden of showing that the district court's erroneous application of the Guidelines as mandatory was harmless beyond a reasonable doubt.").

Accordingly, we vacate Aladin's sentence and remand for resentencing consistent with Booker.[1]

**VACATED AND REMANDED.**

---

[1] We note that in this case, the district court correctly determined the Guidelines range for Aladin's conviction. On remand, pursuant to Booker, the district court is required to sentence Aladin under an advisory Guidelines scheme, and, in so doing, must consider the Guidelines range and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." Booker, 125 S. Ct. at 757.