[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16168
Non-Argument Calendar
_____

D. C. Docket No. 04-00051-CR-002

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 6, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY KAPRICE COTTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 6, 2005)

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Tracy Kaprice Cotton appeals her 108-month sentence for attempt to

manufacture more than 50 grams of methamphetamine, in violation of 21 U.S.C.

§ 846, arguing that the district court erred, in light of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by enhancing her sentence based on facts that were not proven to a jury or admitted to by her, and by applying the Guidelines as mandatory.

Because Cotton raised a constitutional objection to her sentence before the district court based on Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), we review the constitutional issue de novo, but will reverse only for a harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). A constitutional error is harmless if "it is clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." Id. (quotation and alteration omitted). The government bears the burden to show that any error was harmless. Id. We have noted that "the party bearing the burden faces a difficult challenge" when "we simply do not know what sentence the district court would have imposed absent the error." United States v. Robles, No. 04-13598, manuscript op. at 8 (11th Cir. May 10, 2005); see also United States v. Davis, 407 F.3d 1269, 1271-72 (11th Cir. 2005) (holding that the government could not meet its burden when "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)").

Because Cotton preserved her constitutional objection by timely raising it before the district court, the burden is on the government to show beyond a reasonable doubt that this error was harmless. See Paz, 405 F.3d at 948. Because there is no clear indication of what sentence the district court would have imposed had it known the Guidelines were advisory only, we hold that the government has not met its burden to show that the error was harmless beyond a reasonable doubt. Accordingly, we vacate and remand for resentencing consistent with Booker.

**VACATED and REMANDED.**