[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 25, 2005
THOMAS K. KAHN
CLERK

No. 04-15343
Non-Argument Calendar

_____

D. C. Docket No. 04-00066-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BIGHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 25, 2005)**

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Quran Anthony Bigham appeals his 70-month sentence, pursuant to his

guilty plea, for distribution of 5 or more grams of crack cocaine, in violation of 21

U.S.C. § 841(a)(1). Bigham argues that the district court violated <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), when it sentenced him based on a drug quantity that he did not admit and that was not proved to a jury beyond a reasonable doubt. The government concedes that error exists under <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). We agree; we vacate Bigham's sentence and remand for resentencing consistent with <u>Booker</u>.

Bigham was indicted for two counts of distribution of 5 or more grams of crack cocaine based on two transactions: the first occurred on 4 August 2003 (Count One) and the second occurred on 5 August 2003 (Count Two). Bigham pled guilty to Count One. At the plea colloquy, Bigham admitted to the government's fact proffer on Count One: that the weight of the crack cocaine in the first transaction was 24.5 grams. But the government made no fact proffer on Count Two.

The presentence investigation report (PSI) attributed to Bigham a total drug quantity of 72.2 grams of crack cocaine: 24.5 grams for the first transaction and 47.7 grams for the second transaction. The PSI indicates that Bigham admitted to participating in the second transaction; but the PSI does not show that Bigham admitted to the drug quantity involved in the second transaction. The PSI assigned a base offense level of 32, under U.S.S.G. § 2D1.1(c)(4), a 2-level "safety

2

valve" reduction, § 5C1.2, and a 3-level reduction for acceptance of responsibility, § 3E1.1(a), (b). Combined with a criminal history category of I, the PSI assigned Bigham a guideline sentencing range of 70 to 87 months' imprisonment.

Based on Blakely, Bigham objected to the PSI's calculation of total drug weight. He argued that he could be held accountable only for the drugs in Count One, the only count to which he pled guilty, and that the facts of Count 2 neither were admitted by him nor found by a jury. The district court overruled Bigham's Blakely objection, stating that "in Blakely the Supreme Court did not specifically strike the guidelines . . . . But until a change is made, then I intend to continue sentencing as we've done in the past. If as a result of a decision by the Supreme Court it is necessary to bring defendants in and resentence them, then that's what I'll do." The district court then adopted the PSI's calculations and sentenced Bigham to 70 months' imprisonment.

In Booker, the Supreme Court held that Blakely applied to the Sentencing Guidelines. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir. 2005), petition for cert. denied, No. 04-1148 (U.S. June 20, 2005). Under Booker, "there are two types of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines

3

system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1298. The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir.2005).

Bigham properly preserved his Blakely/Booker constitutional objection in the district court. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005). We review this issue de novo; but we will not reverse the district court if the government shows that the error was harmless beyond a reasonable doubt. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

Bigham's sentence was enhanced, under a mandatory guidelines system, based on facts found by the judge and not admitted by Bigham: Booker indicates that Bigham's Sixth Amendment right to trial by jury was violated. See United States v. Davis, 407 F.3d 1269, 1270 (11th Cir. 2005). And the government concedes error: the government thus does not attempt to show "that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to [Bigham]'s sentence." Id. at 1271. The district court treated the guidelines as mandatory: it made no statement indicating that it would have given the same

4

sentence regardless of whether the guidelines were advisory or mandatory. See id. (no harmless error beyond a reasonable doubt where "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)"). Bigham must be resentenced under the advisory guidelines system: on remand, the district court, "while not bound to apply the Guidelines, must consult those guidelines and take them into account when sentencing." Paz, 405 F.3d at 949 (quoting Booker, 125 S.Ct. at 767).

VACATED and REMANDED.