[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 29, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-13869
Non-Argument Calendar

_____

D. C. Docket No. 04-00007-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHERYL LONNELL COWAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 29, 2005)**

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Cheryl Lonnell Cowan appeals his 120-month sentence, imposed after a jury convicted him of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Reversible error exists; we vacate Cowan's sentence and remand for resentencing consistent with the Supreme Court opinions in United States v. Booker, 125 S.Ct. 738 (2005).

At trial and at sentencing, the government produced evidence showing (1) that Cowan possessed a handgun that he bought from Patricia Biederman, (2) that law enforcement found drug paraphernalia in the same room where they arrested Cowan and found the gun, (3) that the residence was used for drug trafficking, and (4) that Cowan tried after his arrest to convince Biederman to testify that the gun was hers and that she merely had left it at Cowan's residence.

The probation officer (PO) recommended a base offense level of 20, under U.S.S.G. § 2K2.1(a)(4)(A). The PO then recommended (1) a four-level increase for Cowan's use of the firearm in connection with another felony offense, under § 2K2.1(b)(5) and (2) a two-level increase for obstruction of justice, § 3C1.1, because Cowan had attempted to influence Biederman's testimony. The total offense level of 26, combined with a criminal history category V, resulted in a guideline sentencing range of 110 to 137 months' imprisonment. But because the statutory maximum sentence for Cowan's conviction was 120 months, under 18

2

U.S.C. § 924(a)(2), Cowan's guideline range was 110 to 120 months' imprisonment, under § 5G1.1(c)(2).

Cowan challenged the fact basis for his sentencing enhancements. Cowan also objected based on Blakely v. Washington, 124 S.Ct. 2531 (2004). He claimed that his constitutional right to a have a jury determine beyond a reasonable doubt all facts essential to his sentence was violated: the facts used to enhance his sentence were not charged in the indictment, admitted by him, or found by a jury beyond a reasonable doubt.

The district court overruled Cowan's sentencing objections. In rejecting Cowan's Blakely challenge, the court stated

> Regardless of whether I personally feel like the Blakely decision applies to the guidelines, it is my duty to follow the guidelines because those guidelines, based on the current status of the law, are and have been held to be constitutional, and until the Supreme Court or the Eleventh Circuit declares otherwise, it is my obligation to follow those guidelines based on that law and that is what I intend to do.

The government then requested the district court to announce alternate sentences: one under the guidelines, and another assuming that the guidelines were not binding. The district court responded

> I will not do that. And the reason I don't want to do that . . . is I don't know what . . . guidance we'll receive from the Eleventh Circuit or the Supreme Court as to whether there will be some other form of

determina[te]-type sentencing or whether it will be strictly indeterminate or whether we should use the guidelines as a guide. I guess there are just to many unknown variables for me to do that at that time.

The district court then sentenced Cowan to 120 months' imprisonment.

On appeal, Cowan reiterates his argument that the district court's application of the § 2K2.1(b)(5) and § 3C1.1 enhancements violated his constitutional rights under Blakely.[1] Cowan timely raised his constitutional objection. We review this issue de novo; but we will not reverse the district court if the government shows that the error was harmless beyond a reasonable doubt. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

We have stated that under Booker "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005) (emphasis in original), petition for cert. denied, No. 04-1148 (U.S. June 28, 2005). Cowan's sentence was enhanced, under a mandatory guidelines system, based on facts found by the judge and not admitted by him: Booker indicates that Cowan's Sixth Amendment right to trial by jury was violated. See United States v. Davis, 407 F.3d 1269, 1270 (11th Cir. 2005).

---

[1] Cowan also challenges again the fact basis underlying the enhancements.

4

And the government has failed to show "that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to [Cowan]'s sentence." Id., at 1271. Here, the district court refused to state an alternate sentence if the guidelines were not binding: the court pointed to the lack of guidance from the Supreme Court and from this Court at the time it imposed sentence. In other words, "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory . . . ." Id., but see United States v. Robles, 408 F.3d 1324, 1327-28 (11th Cir. 2005) (determining that government showed Booker error to be harmless beyond a reasonable doubt where district court expressly stated that sentence imposed would be the same even if the guidelines were advisory).

Cowan's sentence erroneously was based in part on extra-verdict enhancements under a mandatory guidelines system. And the government cannot meet its burden of showing that this error was harmless beyond a reasonable doubt. Cowan must be resentenced under the advisory guidelines system: on remand, the district court, "while not bound to apply the Guidelines, must consult those guidelines and take them into account when sentencing." Paz, 405 F.3d at 949 (quoting Booker, 125 S.Ct. at 767).

5

We VACATE Cowan's sentence and REMAND for resentencing consistent with <u>Booker</u>.