[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS  K. KAHN
CLERK

No. 04-14389
Non-Argument Calendar

D.C. Docket  No. 03-00001-CR-WTM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 31, 2005)**

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

James Edward Brown appeals his conviction, pursuant to his guilty plea, and 108-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm his conviction. But we vacate his sentence and remand for resentencing consistent with United States v. Booker, 125 S.Ct. 738 (2005).

BACKGROUND

Brown initially was charged with: possession with intent to distribute crack cocaine, 21 U.S.C. § 841, carrying firearms during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). By plea agreement, Brown pled guilty only to the felon-in-possession charge, but reserved the right to appeal the denial of his motion to suppress firearms and drugs found in the trunk of the car he was driving.

At the suppression hearing, conducted by a magistrate judge, Police Officer Tommy Spikes testified that, very early on a morning in April 2002, he stopped two cars. The second car, driven by Brown's girlfriend, Dany Cotrell, had a headlight out; and the first car, driven by Brown, was weaving between lanes and

2

running off the side of the road.  Brown exited his car and staggered toward Officer Spikes, slurring his speech.  Charlton County Sheriff's Deputy Grover Rhoden arrived at the scene: a videotape of part of the arrest was taken from Deputy Rhoden's patrol car.  When approached by Officer Spikes, Brown on his own accord placed his hands on the patrol car and spread his legs as if to be searched.  Brown tested positive for alcohol.  Officer Spikes searched Brown, handcuffed him, and placed him in the back of patrol car. Officer Spikes arrested Brown for driving under the influence, for failure to maintain his lane, and for driving with a suspended driver's license.

Cotrell moved Brown's car out of the way and handed Officer Spikes the ignition key.  Officer Spikes then asked Brown if he would consent to a search of the vehicle.  According to the officers, Brown answered, "Yeah, you're not going to find nothing but a little gin and juice anyways."  Brown said that he did not know where the trunk key was.  Deputy Rhoden discovered the key in the backseat of the patrol car where Brown was being detained.  Officer Spikes again asked Brown for consent to search the car; and Brown responded affirmatively.  The officers found a cup of alcohol inside the car; they searched the trunk and found six firearms and a tin can containing what appeared to be crack cocaine.[1]  But

---

[1] The tin can later was determined to contain 22.57 grams of crack cocaine.

Brown testified that he was not asked for, and did not offer, consent to the search. And Cotrell testified that she did not hear Brown give permission for the search.

The magistrate judge recommended that Brown's motion to suppress be denied. The district court adopted the magistrate's report and recommendation.

The presentence investigation report ("PSI") assigned a base offense level of 20, U.S.S.G. § 2K2.1(a)(4)(A), along with a 2-level enhancement for possessing between 3 and 7 firearms, § 2K2.1(b)(1)(A), and a 4-level enhancement for possessing firearms in connection with another felony offense: "possession of a large amount of crack cocaine", § 2K2.1(b)(5). But based on a determination that Brown possessed the firearms in connection with his possession with intent to distribute more than 20 but less than 35 grams of crack cocaine, the PSI then recommended applying the cross-reference provision, § 2X1.1, which provided for a base offense level of 28, under § 2D1.1(c)(6). The PSI recommended a 2-level enhancement for possessing a firearm, § 2D1.1(b)(1), and a 3-level reduction for acceptance of responsibility, § 3E1.1, for a total offense level of 27. Combined with criminal history category III, Brown's guideline imprisonment range was 87 to 108 months.

Brown objected to the application of the four-level § 2K2.1(b)(5) enhancement and the application of the § 2X1.1 cross-reference as a violation of

his Sixth Amendment rights under Blakely v. Washington, 124 S.Ct. 2531 (2004): he did not admit to the offenses of possession of cocaine or possession of cocaine with intent to distribute.[2] The district court denied Brown's objection, adopted the recommendations in the PSI, and sentenced Brown to 108 months' imprisonment.

## DISCUSSION

First, Brown challenges the district court's denial of his motion to suppress the guns and drugs found in the trunk of his car during the traffic stop. Brown contends that the warrantless search of his trunk was not justified as the search was not intended to prevent danger to the officers conducting the traffic stop. And Brown maintains that he did not knowingly and voluntarily consent to the search of the trunk: he tried to hide the key to the trunk, and the arresting officers' claims of consent were not corroborated or supported by the videotape of the scene taken from Deputy Rhoden's vehicle. We reject Brown's arguments.

---

[2] During his guilty plea hearing, Brown admitted that he "was driving the car that had the guns and the crack in it." But Brown admitted neither to drug quantity nor to possessing the drugs with intent to distribute them. Also, Brown did not object to the § 2K2.1(b)(1)(A) enhancement for the number of firearms involved.

In considering the denial of a defendant's motion to suppress, we apply a mixed standard of review: we review "the district court's findings of fact for clear error and its application of law to those facts de novo." United States v. Lyons, 403 F.3d 1248, 1250 (11th Cir. 2005). We construe all facts in the light most favorable to the prevailing party: the government. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).

"[T]he general rule in the criminal context is that warrantless searches are per se unreasonable under the Fourth Amendment--subject only to a few specifically established and well-delineated exceptions." United States v. Gonzalez, 71 F.3d 819, 825 (11th Cir. 1996) (internal citation and quotation omitted). One of these exceptions "is a search conducted pursuant to consent to search." Id. at 827. A district court's determination that consent was voluntary is a finding of fact: we will not disturb this finding absent clear error. United States v. Simms, 385 F.3d 1347, 1355 (11th Cir. 2004), cert. denied, 125 S.Ct. 1872 (2005). In analyzing voluntariness, courts make a factual determination based on the totality of the circumstances. Id. (citation omitted) (listing factors courts examine).

The district court committed no error in denying Brown's motion to suppress based on his consent to the search of the trunk of the car he was driving.

Brown does not argue that his consent was coerced; instead, more accurately he argues that he was not asked for, and did not grant, his consent to the search at all. But the magistrate judge rejected Brown's and Cotrell's testimony as less credible than that of the officers. This credibility determination "is within the province of the factfinder", and Brown has presented no reason to disturb this determination. United States v. Pineiro, 389 F.3d 1359, 1366 (11th Cir. 2004).

Brown points to the videotape as evidence that he did not consent to the search. But the videotape is inconclusive and does not contradict Officer Spikes's testimony. Brown is not in the videotape: it is a video from Deputy Rhoden's patrol car, it focuses on Brown's car, and Brown was detained in the back of Officer Spikes's patrol car. And, Officer Spikes testified that Brown consented to a search after the trunk key was found: this indicates Brown's consent to a search of the trunk.[3] Brown has shown no clear error in the district court's fact determination that Brown consented to a search of the vehicle, including the trunk.[4]

---

[3] Brown's attempt to hide the trunk key could cast doubt on whether he consented to a search of the trunk. But the possibility that he both hid the trunk key and consented to the search could have been based on a belief that the key would not be found. At least, no clear error exists: this possibility is not "contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." Pineiro, 389 F.3d at 1366.

[4] We need not address Brown's claim that the search was not one that would have been made legal because the evidence inevitably would have been discovered.

Next, citing Blakely, Brown argues that the district court improperly enhanced his sentence based on relevant conduct he did not admit, in violation of his Sixth Amendment right to have a jury make this determination.

Brown timely raised his constitutional objection. We review this issue de novo; but we will not reverse the district court if the government shows that any error was harmless beyond a reasonable doubt. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

We have stated that under Booker "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir.) (emphasis in original), cert. denied, 125 S.Ct 2935 (2005). Brown's sentence was enhanced, under a mandatory guidelines system, based on facts found by the judge and not admitted by him: Booker indicates that Brown's Sixth Amendment right to trial by jury was violated. See United States v. Davis, 407 F.3d 1269, 1270 (11th Cir. 2005).

And the government has failed to show "that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to [Brown]'s sentence." Id. at 1271. The district court rejected Brown's Blakely objection; but

8

the district court elaborated no further on this matter. The district court did note at sentencing (1) that it had accepted the plea agreement because it was "satisfied that the agreement adequately reflects the seriousness of the actual offense behavior" and (2) that Brown had received a "great benefit" from the plea agreement. But these statements do not speak to whether the district court would have given the same sentence regardless of whether the guidelines were advisory or mandatory. See id. at 1271-72 (no harmless error beyond a reasonable doubt where "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory").

Brown's sentence was erroneous under Booker. And the government has not met its burden of showing that this error was harmless beyond a reasonable doubt. Brown must be resentenced under the advisory guidelines system: on remand, the district court, "while not bound to apply the Guidelines, must consult those guidelines and take them into account when sentencing." Paz, 405 F.3d at 949 (quoting Booker, 125 S.Ct. at 767).

We AFFIRM Brown's conviction; but we VACATE Brown's sentence and REMAND for resentencing consistent with Booker.