[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 15, 2006**
**THOMAS  K. KAHN**
**CLERK**

No. 05-10127
Non-Argument Calendar

_____

D. C. Docket No. 03-80146-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES J. KERNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 15, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Charles Kerns appeals his sentence for conspiracy to commit securities and

wire fraud, securities fraud, wire fraud, and money laundering. He asserts he is entitled to resentencing because the district court applied enhancements under the Sentencing Guidelines based upon facts not found by the jury, charged in the indictment, or admitted by him, pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005). He also asserts the district court erred under *Booker* by applying the Guidelines in a mandatory fashion. We vacate and remand for resentencing.

## I. DISCUSSION

Because Kerns raised an objection pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004), in the district court, we review his sentence de novo and reverse only if any error was harmful. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). We have explained there are two types of error under *Booker*: (1) Sixth Amendment error based upon imposing sentencing enhancements in a mandatory Guidelines system which were neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329-30 (11th Cir. 2005).

Sixth Amendment error under *Booker* is disregarded only if harmless beyond a reasonable doubt. *Paz*, 405 F.3d at 948 (11th Cir. 2005). "This standard is only met where it is clear 'beyond a reasonable doubt that the error complained

2

of did not contribute to the sentence obtained.'" *Id.* (alteration and citation omitted). The government bears the burden of showing the sentence did not affect the defendant's substantial rights. *Id.* Where we do not know what the district court would have done under an advisory Guidelines scheme, the government cannot meet its burden to show it is clear beyond a reasonable doubt the error complained of did not contribute to the sentence obtained. *United States v. Davis*, 407 F.3d 1269, 1271-72 (11th Cir. 2005). Preserved statutory error under *Booker* is subject to a "less demanding" standard than the beyond a reasonable doubt standard applicable to Sixth Amendment errors under *Booker*. *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005).

Here, the Government concedes the district court committed error under *Booker*, and the error was not harmless. We agree. Because the district court used extra-verdict enhancements to increase Kerns' sentencing range in a mandatory Guidelines system, the district court committed Sixth Amendment error under *Booker*.[1] *See Shelton*, 400 F.3d at 1329-30. Because the district court sentenced

---

[1] In committing Sixth Amendment error in this case, the district court applied: (1) a 2-level increase for 10 or more victims under § 2B1.1(b)(1)(K); (2) a 2-level increase for sophisticated means under § 2B1.1(b)(2)(A)(i); (3) a 4-level increase for substantially endangering the solvency of a publicly traded company, under § 2B1.1(b)(12)(B)(ii)(I); and (4) a 2-level enhancement for obstruction of justice under § 3C1.1.

Kerns pursuant to a mandatory Guidelines scheme, statutory error has also been established. *See id.* at 1330-31.

Though the district court stated "a sentence at the low end of the [G]uideline range will be sufficient to deter future criminal conduct and would provide sufficient punishment in this case," that statement is insufficient to show the Sixth Amendment error was harmless because it is not clear beyond a reasonable doubt that the court would not have found another sentence to be more appropriate under an advisory scheme. Accordingly, the Government cannot meet its burden to show it is clear beyond a reasonable doubt the Sixth Amendment error complained of did not contribute to the sentence obtained. *See Davis*, 407 F.3d at 1271-72. Because there was Sixth Amendment error that was not harmless beyond a reasonable doubt, we need not consider whether the statutory error was harmless.

## II. CONCLUSION

We vacate Kerns' sentence and remand the case for resentencing consistent with *Booker*. We note the district court correctly calculated Kerns' Guidelines range of 324 to 405 months' imprisonment. *See United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005) (stating after *Booker*, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the

4

Guidelines"). Thus, on remand the district court is required to sentence Kerns

according to *Booker*, considering the Guidelines advisory range of 324 to 405

months' imprisonment and "other statutory concerns as well, see [18 U.S.C.]

§ 3553(a) (Supp. 2004)." *Booker*, 125 S. Ct. at 757.[2]

VACATED AND REMANDED.

---

[2] We do not mean to suggest by our holding that the district court must impose any particular sentence on remand. Rather, we merely hold the Government did not meet its burden of showing the Sixth Amendment and statutory error under *Booker* was harmless. We also do not attempt to decide now whether a particular sentence might be reasonable in this case.