[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 27, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-13259
Non-Argument Calendar
_____

D. C. Docket No. 04-20058-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAUDA MOJICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 27, 2005)**

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Lauda Mojica appeals her 41-month sentence, imposed after a jury found her

guilty of presenting fraudulent claims to the Internal Revenue Service ("IRS"), in

violation of 18 U.S.C. § 287. On appeal, Mojica argues that the district court erred in determining the loss amount by a preponderance of the evidence and using that amount to calculate her sentence, when the loss amount was neither admitted nor proven to a jury, in violation of United States v. Booker, 125 S.Ct. 738 (2005). Mojica raises additional sentencing arguments concerning the district court's imposition of an enhancement for obstruction of justice and its denial of downward adjustments for acceptance of responsibility and mental health. We need not address these additional arguments, as we find that Mojica's preserved Booker argument as to loss amount requires that we vacate her sentence and remand the case for resentencing.

BACKGROUND

Mojica was indicted for eight counts of making fraudulent claims to the IRS, in violation of 18 U.S.C. § 287. Mojica proceeded to trial on these counts. During the jury charge conference, Mojica requested that the jury determine the amount of loss as to each count. The court recognized that if drug quantity were in question, Apprendi v. New Jersey, 530 U.S. 466 (2000), would require a jury to make that finding. However, the court reasoned that because it did not intend to issue a sentence beyond the statutory maximum, a finding as to the amount of loss remained a "judicial function," properly found by a preponderance of the evidence.

2

The court, however, noted Mojica's objection, and stated that the issue was preserved for appeal. The jury ultimately returned a guilty verdict against Mojica on all eight counts.

The Presentence Investigation Report ("PSI") applied a base offense level of 18, which corresponded to the government's loss calculation of approximately $720,000. The PSI then applied a two-level enhancement for obstruction of justice, for a total adjusted offense level of 20. With a criminal history category I, the resulting sentencing range stood between 33 and 41 months' imprisonment.

Mojica objected to the loss calculation amount and the enhancement for obstruction of justice. She also contended she was entitled to downward departures for acceptance of responsibility and due to her poor mental health. The district court overruled all of these objections and adopted the PSI's findings of fact and conclusions of law. The district court then imposed a sentence of 41 months. Mojica timely appealed.

## STANDARD OF REVIEW

Mojica raised an objection during the jury charge conference, asking the district court to submit the loss amount for jury determination based on the principle announced in Apprendi. The district court definitively overruled this objection and indicated to Mojica that she had done all that was necessary to

3

preserve the issue for appellate review. As such, though Mojica did not reiterate her objection at sentencing, she is entitled to preserved error review. See Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1110 n.6 (11th Cir. 2005) (where "comments by the trial court created the clear impression that [appellant] had done all she needed to do to preserve her objection" she was entitled to preserved error review despite failure to reoffer witness testimony at trial).

## DISCUSSION

Where a defendant's sentence is enhanced under a mandatory guidelines system based on facts found by the judge that were neither admitted, nor proven to a jury beyond a reasonable doubt, the defendant's Sixth Amendment rights are violated. Booker, 125 S.Ct. at 756. The government concedes that Mojica's Sixth Amendment rights were violated here when the district court made findings as to loss amount that were neither proven to the jury nor admitted by Mojica.[1] As Mojica has preserved this claim, the only question remaining is whether the Booker error is harmless.

Where an error has been preserved, the government bears the burden of

---

[1]Additionally, because Mojica was sentenced under the mandatory guidelines scheme that Booker's remedial holding rendered advisory, her sentence was also infected with statutory Booker error. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). However, because constitutional error was present, we apply the more rigorous harmlessness standard applicable to constitutional errors. See United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005).

demonstrating that the error is harmless. United States v. Olano, 507 U.S. 725, 234-35 (1993). A constitutional Booker error can be regarded as harmless only where it is clear "beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Where we do not know what sentence the district court would have imposed absent this error, the government cannot meet its burden. United States v. Robles, 408 F.3d 1324, 1327 (11th Cir. 2005); United States v. Davis, 407 F.3d 1269, 1271-72 (11th Cir. 2005) (holding that the government failed to demonstrate that non-constitutional Booker error was harmless where the record did not demonstrate what sentence the district court would have imposed absent the error). As such, where the district court indicated that it would impose the same sentence were the guidelines merely advisory, the rigorous harmlessness test for constitutional errors is met. Robles, 408 F.3d at 1327-28. In no other situation has this court held that the government has successfully shown constitutional Booker error to be harmless.[2]

---

[2]In United States v. Gallegos-Aguero, 409 F.3d 1274 (11th Cir. 2005), we determined that statutory Booker error was harmless under the less stringent test applied to non-constitutional errors where the district court indicated that it wished to impose the statutory maximum sentence and ultimately imposed the maximum sentence in the applicable guidelines range. Unlike the sentence in Gallegos-Aguero, Mojica's sentence was infected with a constitutional Booker error, and the more stringent "beyond a reasonable doubt" harmless error standard therefore applies. See Mathenia, 409 F.3d at 1291-92 (distinguishing between the harmlessness tests applied to constitutional and statutory Booker erroreors). Moreover, the district court in Gallegos-Aguero indicated that it wished to impose a sentence higher than the applicable guidelines range, thus

Nonetheless, the government argues that the <u>Booker</u> error in Mojica's sentence is harmless because: (i) the district court would be entitled to impose the same sentence under the post-<u>Booker</u> advisory guidelines system; (ii) Mojica's 41-month sentence is reasonable; and (iii) the district court imposed the highest sentence in the applicable mandatory guideline range. However, the government presents no evidence to prove beyond a reasonable doubt that the district court would have actually imposed the same sentence absent its determination of the loss amount under the preponderance standard. Indeed, we cannot say that the constitutional Booker error did not contribute to the sentence Mojica received, where the district court's loss finding dictated Mojica's base level, and thus, her mandatory sentencing range. Therefore, we vacate Mojica's sentence and remand for re-sentencing consistent with <u>Booker</u>.

**VACATED AND REMANDED FOR RE-SENTENCING.**

---

providing evidence that the defendant suffered no prejudice from the error. <u>Gallegos-Aguero</u>, 409 F.3d at 1277. No such indication of what sentence the district court would impose under the post-<u>Booker</u> advisory guidelines scheme appears in the record here. We are thus left to speculate as to whether the <u>Booker</u> error contributed to the sentence opposed.