[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14194
Non-Argument Calendar

_____

D. C. Docket No. 04-00109-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBINO OBREGON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 24, 2005)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Albino Obregon appeals his 135-month sentence for two drug charges. On

appeal, Obregon argues that the district court: (1) clearly erred by denying his request for a mitigating-role reduction; and (2) committed reversible error, in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), by applying the United States Sentencing Guidelines as mandatory.

## I. BACKGROUND

Obregon and his codefendants were charged with: (1) possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. app. §§ 1903(a) and (g) (Count One); and (2) conspiracy to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of §§ 1903(a), (g), (j) and § 960(b)(1)(B)(ii) (Count Two). At a plea hearing before a magistrate judge, Obregon pled guilty to both counts. According to the facts admitted by Obregon at the plea hearing, he was a crew member on board the "Siete Mares," a Colombian-flagged fishing vessel that was used to transport approximately 133 bales of cocaine from Colombia to a point in the eastern Pacific Ocean, where the drugs were transferred to another vessel, and, ultimately, seized by the U.S. Coast Guard. According to the presentence investigation report ("PSI"), the two vessels

2

involved in the offense carried a total of ten crew members and two captains.

The probation officer grouped Obregon's offenses together and set his base offense level at 38, pursuant to U.S.S.G. § 2D1.1(c), based on a finding that 2,629 kilograms of cocaine were involved in the offense. The probation officer then reduced Obregon's offense level by three, pursuant to U.S.S.G. § 3E1.1(a) and (b), for acceptance of responsibility. At the sentencing hearing, the parties agreed that Obregon had met the requirements for the safety-valve reduction, and, therefore, pursuant to U.S.S.G. § 2D1.1(b)(6), his offense level was reduced by an additional two levels. Given a total offense level of 33 and a criminal history category of I, Obregon's Guideline imprisonment range was 135 to 168 months.

Obregon objected to the PSI, arguing, inter alia, that he was entitled to a mitigating-role reduction, and, therefore, pursuant to § 2D1.1(a)(3), his base offense level should not have exceeded 30. According to Obregon, he was significantly less culpable than the other participants in the offense because his only role in the drug-smuggling operation was that of a cook aboard one of the vessels.

At the sentencing hearing, Obregon objected that the Guidelines were unconstitutional, in light of Blakely. The district court overruled this objection, finding that the Guidelines were constitutional, both on their face and as applied to

3

the facts of Obregon's case. The district court also overruled Obregon's mitigating-role objection, finding that he was not significantly less culpable than the other participants in the offense. While acknowledging that there were likely other, unidentified individuals who organized and financed the smuggling operation, the court found that all crew members, including Obregon, were "an essential aspect" of the smuggling operation, and that each of them assisted in the loading and unloading of the drugs. R3 at 16. The court then sentenced Obregon to a total of 135 months of imprisonment. The court noted that it was imposing a low-end sentence in light of, inter alia, the defendant's age and the fact that such a sentence was "substantial" and "adequately addresse[d] the seriousness of [Obregon's] conduct." Id. at 19.

## II. DISCUSSION

A. Mitigating-Role Reduction

First, we must decide whether the district court erred by denying Obregon's request for a mitigating-role reduction. Obregon argues that he was entitled to the reduction because: (1) his role in the offense was that of a cook/crew member aboard one of the vessels; (2) he did not have an ownership interest in the drugs; (3) he received little compensation compared to the substantial value of the drugs; and (4) his participation was minimal compared to the other unidentified

4

individuals who planned and organized the smuggling operation. Because he was entitled to this reduction, Obregon argues, his base offense level should not have exceeded 30.

A sentencing court's determination of a defendant's role in an offense constitutes a factual finding that is reviewed for clear error. See United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a role reduction. See id. at 939.

The Guidelines provide for a four-level reduction for a defendant who acts as a minimal participant, a two-level reduction for a minor participant, and a three-level reduction for cases falling in between the minor and minimal level. U.S.S.G. § 3B1.2. A minimal participant is a defendant who is "plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. § 3B1.2, comment. (n.4), while a minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal," U.S.S.G. § 3B1.2, comment. (n.5). Moreover, when a defendant is convicted under § 960(b)(1), and he is entitled to a mitigating-role adjustment under § 3B1.2, his base offense level may not be set higher than level 30. U.S.S.G. § 2D1.1(a)(3).

To determine whether a defendant is entitled to a mitigating-role reduction,

the district court must first measure the defendant's role in the offense against the relevant conduct for which he has been held accountable. See Rodriguez De Varon, 175 F.3d at 940. In cases where the defendant is a drug courier, relevant factual considerations include, but are not limited to: (1) the amount of drugs involved; (2) the fair market value of the drugs involved; (3) the amount of compensation received by the courier; (4) the courier's equity interest in the drugs, if any; (5) the courier's role in planning the scheme; and (6) the courier's role, or intended role, in the distribution of the drugs. See id. at 945. Second, the court may compare the defendant's culpability to that of other participants in the relevant conduct, but "only to the extent that they are identifiable or discernable from the evidence." Id. at 944. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id.

We conclude that the district court did not clearly err by denying Obregon's request for a mitigating-role reduction because: (1) it correctly assessed Obregon's role in connection with the conduct for which he was held accountable, and not in connection with some larger criminal enterprise; and (2) Obregon failed to demonstrate that he was less culpable than the majority of identifiable participants in the offense. Accordingly, we affirm the district court's denial of the mitigating-role reduction.

6

B. *Booker* Error

Obregon next argues that, in light of <u>Booker</u>, the district court committed reversible error by applying the Guidelines as mandatory. Because the district court should have considered the other factors enumerated in 18 U.S.C. § 3553(a) when imposing sentence, Obregon argues that he is entitled to a remand for resentencing.

Obregon is entitled to preserved-error review because he raised a timely constitutional objection to the sentencing enhancements in the district court, and we should remand for resentencing unless (1) no error was committed, or (2) the error was harmless. <u>See</u> <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." <u>United States v. Mathenia</u>, 409 F.3d 1289, 1292 (11th Cir. 2005) (per curiam) (citations, alterations, and internal quotations omitted). "If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." <u>Id.</u> (citations, alterations, and internal quotations omitted).

In <u>Booker</u>, the Supreme Court held that <u>Blakely</u> applies to the Guidelines, and reaffirmed its holding from <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.

7

Ct. 2348, 2362-63 (2000), that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S. Ct. at 746, 756. Because the Court determined that it was the mandatory nature of the Guidelines that implicated the Sixth Amendment right to a jury trial, it held that, in order to cure the Sixth Amendment violation while preserving congressional intent, the following two provisions of the Sentencing Reform Act must be severed and excised: 18 U.S.C. § 3553(b)(1) (which made the Guidelines mandatory and binding on federal courts), and 18 U.S.C. § 3742(e) (which established the appellate standards of review for sentences). Booker, 543 U.S. at ___, 125 S. Ct. at 756-57. By severing these two provisions, the Supreme Court made the Guidelines "effectively advisory." Id. at ___, 125 S. Ct. at 757.

A district court potentially commits two types of error, under Booker, when it sentences a defendant pursuant to a mandatory guideline scheme: (1) constitutional error resulting from a Sixth Amendment violation; and (2) non-constitutional, or statutory, error resulting from applying the guidelines as mandatory. See United States v. Shelton, 400 F.3d 1325, 1329-31 (11th Cir. 2005). In Shelton, we held that the defendant's Sixth Amendment rights were not

violated because he had admitted the facts used to enhance his sentence by failing to object to the statements contained in the PSI.  Id. at 1330.  Nonetheless, we held that the district court committed statutory error by applying the Guidelines as mandatory, rather than advisory.  Id.

We have held that both statutory and constitutional Booker errors were harmless where the district court expressly indicated that it would have imposed the same sentence under an advisory guideline regime.  See Mathenia, 409 F.3d at 1292-93 (statutory error); United States v. Robles, 408 F.3d 1324, 1327-28 (11th Cir. 2005) (per curiam) (constitutional error).  Conversely, in Paz we held that constitutional Booker error was not harmless where the court indicated that it would have imposed a lesser sentence under an advisory guideline scheme.  405 F.3d at 948-49.  Because the government bears the burden of demonstrating that a statutory Booker error was harmless, the defendant's case must be remanded for resentencing where the effect of the error cannot be determined.  See United States v. Davis, 407 F.3d 1269, 1271-72 (11th Cir. 2005) (per curiam).

Upon review of the PSI and the sentencing transcript, and upon consideration of the briefs, we discern reversible error.  The district court committed statutory Booker error by applying the Guidelines as mandatory, and the government has failed to meet its burden of demonstrating that the error was

9

harmless. Accordingly, we vacate Obregon's sentence and remand to the district court for resentencing.

## III. CONCLUSION

Obregon appeals his 135-month sentence for possession with intent to distribute cocaine and conspiracy to possess and distribute cocaine. As we have explained, the court did not err when it denied Obregon's request for a mitigating-role reduction of his sentence, but the district court did commit reversible error when it applied the Guidelines as mandatory. Accordingly, we **AFFIRM** in part and **VACATE** and **REMAND** in part.