[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10469
Non-Argument Calendar

_____

FILED

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK**

D.C. Docket No. 04-00081-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDRICK LAVON TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 30, 2005)**

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Kendrick LavonTaylor appeals his conviction and 35-month sentence, which

was imposed after he pled guilty to being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1).  On appeal, Taylor argues that: (1) his conviction was unconstitutional, under the Commerce Clause, because § 922(g)(1) does not regulate an activity with a sufficient nexus to interstate commerce; and (2) he was sentenced in violation of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), because the district court enhanced his sentence based upon facts not charged in the indictment or admitted by him, pursuant to a mandatory sentencing scheme.

We review the constitutionality of statutes de novo.  United States v. Scott, 263 F.3d 1270, 1271 (11th Cir. 2001).  Taylor preserved his Booker error by objecting, based on Blakely v. Washington, 542 U.S. ___, 124 S. Ct 2531, 159 L. Ed. 2d 403 (2004), at sentencing.  See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (holding that appellant properly preserved Booker claim by citing Blakely in his written objections to the PSI and reminding the court at sentencing of his Blakely objection).  Accordingly, he is entitled to preserved error review, meaning that we review his claim de novo, but will reverse only for harmful error.  See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted).  "'To find harmless error, we must determine that the error did not affect the substantial rights of the parties.'"  Id. (quoting United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998)).  "The burden is on the government to show that the error did not affect the

defendant's substantial rights." Id. (citing United States v. Olano, 507 U.S. 725, 741, 113 S. Ct. 1770, 1781, 123 L. Ed. 2d 508 (1993)).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we affirm Taylor's conviction, but find Booker statutory, or non-constitutional, error that the government cannot establish was harmless. We therefore vacate and remand his sentence for resentencing consistent with the remedial holding of Booker.

The relevant facts are straightforward. On April 20, 2004, Taylor was indicted for one count of possession of a firearm by a convicted felon, in violation of § 922(g)(1). Without the benefit of a plea agreement, Taylor entered a plea of guilty to the crime charged. During the plea colloquy, Taylor admitted, among other things, that he had been in possession of a gun after being convicted of a felony and that the gun had traveled in interstate commerce. He then proceeded to sentencing.

According to the presentence investigation report ("PSI"), Taylor's base offense level was 14, pursuant to U.S.S.G. 2K2.1(a)(6). After a 2-point reduction for acceptance of responsibility, his adjusted offense level was 12. With a criminal history category of V, his Sentencing Guidelines range was 27 to 33 months' imprisonment. After the PSI was prepared Taylor requested that he receive a 180-day departure, pursuant to U.S.S.G. § 5G1.3, for time served on the state charge that was

the basis of his federal offense. Taylor's sentencing hearing was set for September 23, 2004, but he did not appear for that hearing. The hearing was rescheduled for September 24, 2004, but Taylor again did not appear, and a warrant was issued for his arrest.

On January 11, 2005, Taylor appeared before the court for his sentencing hearing, at which he renewed his request for a 180-day departure and objected to the Probation Office's recommendation that he not be given credit for acceptance of responsibility due to his failure to appear at the previously set sentencing hearings. Taylor also objected, under Blakely, to the Probation Office's recommended two-level enhancement for obstruction of justice, also based on his failure to appear at the prior sentencing hearings. The district court noted that the sentencing hearing originally had been set for some time in September, but Taylor failed to appear on the scheduled date, and his counsel was unable to locate him. Taylor stated that he had failed to appear because he wanted to spend more time with his children. The district court replied that it previously had every intention of awarding Taylor a 2-level reduction for acceptance of responsibility, but that his failure to appear was inconsistent with acceptance, and therefore, the court would not award the reduction. The district court also stated that a two-point enhancement for obstruction of justice was appropriate. Thus, based on the recalculations made at the sentencing hearing,

Taylor had a Guideline range of 41 to 51 months' imprisonment. After granting Taylor a 180-day downward departure for time served on his state charge, the court imposed a 35-month sentence. This appeal followed.

Pursuant to the Commerce Clause, as interpreted in <u>United States v. Lopez</u>, 514 U.S. 549, 558-59, 115 S. Ct. 1624, 1629-30, 131 L. Ed. 2d 626 (1995), Congress permissibly may regulate (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) activities with a "substantial relation to interstate commerce." In <u>Lopez</u>, the Supreme Court held that the Gun-Free School Zones Act, which made it a federal offense knowingly to possess a firearm in a school zone, was an unconstitutional exercise of Congressional authority because "[t]he act neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce." <u>Id.</u> at 551, 115 S. Ct. at 1626. The Court highlighted that the Act contained "no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or affect on interstate commerce." <u>Id.</u> at 562, 115 S. Ct. at 1631; <u>see</u> <u>also</u> <u>United States v. Morrison</u>, 529 U.S. 598, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000) (holding that enactment of the civil remedy provision of the Violence Against Women Act of

5

1994, 42 U.S.C. § 13981, exceeded Congress's power under the Commerce Clause; noting that § 13981 contained no jurisdictional element).

In United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996), we squarely rejected the argument that, under Lopez, § 922(g)(1) exceeds Congress's Commerce Clause power.[1] In finding the statute constitutional under the Commerce Clause, we reasoned that, unlike the Gun-Free School Zones Act at issue in Lopez, the felon-in-possession statute has an express jurisdictional element, which would ensure that the firearm possession in question affects interstate commerce. McAllister, 77 F.3d at 389-90 n.4. On numerous occasions, we have held that McAllister has not been overruled or called into question by subsequent Supreme Court decisions. See United States v. Scott, 263 F.3d 1270, 1271, 1273-74 (11th Cir. 2001) (reaffirming our holding that § 922(g) is constitutional under Congress's Commerce Clause power, and stating that "nothing in Morrison or Jones [ v. United States, 529 U.S. 848, 120 S. Ct. 1904, 146 L. Ed. 2d 902 (2000)] alters the reasoning upon which McAllister

---

[1]Section 922(g)(1) makes it unlawful for any person:

> who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. 922(g)(1).

is moored."); United States v. Dupree, 258 F.3d 1258, 1259 (11th Cir. 2001) (holding that "Morrison does not change the holding in McAllister and that § 922(g) is a constitutional exercise of Congress's commerce power."); see also United States v. Ballinger, 395 F.3d 1218 (11th Cir.) (en banc) (rejecting facial and as-applied challenges, based on the Commerce Clause, to 18 U.S.C. § 247, pursuant to the "approach this Circuit has repeatedly taken to the nearly identical language found in § 922(g)"), pet. for cert. filed, No. 04-9627 (Apr. 7, 2005).

Simply put, under our uniform line of controlling precedent, § 922(g) is a constitutional exercise of Congress's Commerce Clause power. Taylor's admission, at the plea colloquy, that he possessed a gun that had traveled in interstate commerce was sufficient to demonstrate the required nexus to interstate commerce. Accordingly, we affirm Taylor's conviction.

As for Taylor's Booker claim, the Sixth Amendment right to trial by jury is violated where, under a mandatory Guidelines system, a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. Booker, 543 U.S. ___, 125 S. Ct. at 749-56 (2005). The Booker constitutional error is the use of extra-verdict enhancements to reach a Guidelines result that is binding on the sentencing judge. Mathenia, 409 F.3d at 1291. The Booker non-constitutional, or statutory, error occurs when the district

7

court sentences a defendant under a mandatory sentencing scheme, even in the absence of a Sixth Amendment enhancement violation. Id. Because Taylor admitted the facts underlying the enhancement for obstruction of justice, no constitutional Booker error occurred when his sentence was enhanced based on those facts. See United States v. Shelton, 400 F.3d 1325, 1329-30 (11th Cir. 2005) (holding that there was no Sixth Amendment violation where judicial fact-finding of a drug quantity greater than the amount alleged in the indictment did not go beyond the facts admitted by the defendant).

Although the district court did not engage in improper factfinding in imposing sentence, it did commit Booker statutory error when it sentenced Taylor under a mandatory scheme. Id. (holding that even without Booker constitutional error in the district court's application of the Guidelines, there could be non-constitutional error where the court applied the Guidelines in a mandatory fashion). Booker statutory errors are harmless if "viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." Mathenia, 409 F.3d at 1292 (citations omitted). "The non-constitutional harmless error standard is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." Id.

8

Based on our careful review of the record, including the sentencing transcript, we can find no indication of whether or not the district court would have sentenced Taylor similarly under an advisory scheme. Moreover, Taylor was sentenced to the low end of the Guidelines range. On this record, "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)." United States v. Davis, 407 F.3d 1269, 1271 (11th Cir.2005). Thus, the government has failed to carry its burden. See id. at 1271-72. Accordingly, we vacate Taylor's sentence and remand his case to the district court for resentencing consistent with Booker.[2]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[2] By vacating Taylor's sentence and remanding for resentencing, we do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely hold that the government has failed to meet its burden to show that the Booker statutory error of sentencing under a mandatory Guidelines regime was harmless. We note that the district court correctly calculated Taylor's Guidelines range. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines"). Thus, consistent with Booker, on remand, the district court is required to sentence Taylor under an advisory scheme and shall consider the Guidelines range of 41-51 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp.2004)." Booker, 125 S. Ct. at 757.

9