[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 27, 2006
THOMAS K. KAHN
CLERK

No. 04-16563
Non-Argument Calendar

_____

D. C. Docket No. 04-00006-CR-T-30EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE LEE WOOTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 27, 2006)**

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Eddie Lee Wooten appeals his convictions and sentences for drug and

firearm offenses. Wooten challenges his convictions on three grounds: prosecutorial misconduct, insufficient evidence, and transcript omissions. We affirm Wooten's convictions. Because the district court applied the Sentencing Guidelines as mandatory with respect to Counts One through Six and Counts Eight and Nine, we vacate Wooten's sentences as to those counts and remand for resentencing.

## I. BACKGROUND

On October 1, 2003, police informant Andre McNeal attempted to purchase crack cocaine from Wooten in a controlled buy conducted by the Lakeland Police Department. Wooten did not have any crack at the time, but he sold a .44 caliber handgun to McNeal. The entire conversation between McNeal and Wooten was recorded, and McNeal gave the weapon to the police.

On October 2, McNeal purchased $400 worth of crack cocaine from Wooten. Their conversation was again recorded. McNeal made further recorded purchases of crack from Wooten, on November 13 and December 9, and a recorded purchase of crack and a handgun from Wooten on January 5, 2004.

On January 9, police executed a search warrant on Wooten's trailer and found three handguns, crack cocaine, and currency. A license plate on the wall said "Goldie," Wooten's nickname. Wooten, who was present during the search,

2

had answered the door with one handgun in his hand. He denied owning one of the handguns and threw a third into the yard, but he admitted that he kept guns in the trailer for protection. Wooten also admitted that the crack found in his room belonged to him.

A federal grand jury indicted Wooten on ten counts: possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(e) (Counts 1, 6, 9); distribution of five grams or more of crack cocaine, 21 U.S.C. § 841(b)(1)(B) (Counts 2, 8); distribution of crack cocaine, 21 U.S.C. § 841(b)(1)(C) (Counts 3, 4, 5); carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(1) (Count 7); and possession of three firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(I), (C)(I) (Count 10).

At trial, the government presented a variety of evidence. The recorded conversations were played for the jury. McNeal testified for the government, and on cross-examination he admitted that he expected favorable sentencing recommendations from the government on his own plea to possession of a firearm by a convicted felon. Detective Nicholas Marolda of the Lakeland Police Department testified that he had known Wooten for ten years; no documents suggested that Wooten lived in the trailer; and another person leased and resided in the trailer. Marolda also admitted that he did not know the basis for each of the

3

payments from the police department to McNeal. Marolda admitted that he did not have an expert verify that it was Wooten's voice on the recordings, the bags of crack cocaine and the firearms were not fingerprinted, clothing for both men and women was recovered from Wooten's room, and some of the crack cocaine was found in a woman's shoes. Other law enforcement officers and technicians also testified for the government. Detective Shawn Hohnstreiter testified that during the raid on Wooten's trailer, Shirley Reddick told him that the women's clothing and shoes were hers and she lived there. Detective Derek Reed Gulledge testified that Christopher Edenfield, who leased and lived in the trailer, was also arrested for cocaine possession during the raid.

In his closing argument, Wooten argued that the government had failed to meet its burden of proving his guilt beyond a reasonable doubt. In its rebuttal, the government stated, "I'll make a brief statement in rebuttal of counsel's argument, as there is no evidence to rebut the Government's evidence." The court overruled Wooten's objection and motion to strike and instructed the jury on the burden of proof. The government also replayed parts of the recordings, which were not again transcribed into the record. The government argued that it did not need a voice recognition expert because the testimony of McLean and Marolda proved that it was Wooten's voice. During the jury charge, the court again instructed the

4

jury that the government bore the burden of proof, Wooten was not obligated to present evidence, and the jury should not consider his failure to do so in arriving at a verdict. The jury convicted Wooten on all counts.

The PSI set the base offense level at 26 and added an 11-point enhancement for Wooten's career offender status. Sentencing Guidelines § 4B1.1. The PSI provided a criminal history category of VI, which resulted in a Guideline range of 360 months to life imprisonment. Wooten objected to the application of the Guidelines as mandatory but did not object to the information in the PSI. On December 2, 2004, the court imposed a sentence of eight concurrent terms of 360 months for Counts 1 through 6, 8, and 9; a 60-month term to run consecutively for Count 7; and a 300-month term to run consecutively for Count 10.

## II. STANDARDS OF REVIEW

We review issues of prosecutorial misconduct de novo. United States v. Noriega, 117 F.3d 1206, 1218 (11th Cir. 1997). We review a sentence for Sixth Amendment violations de novo, but reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). We review the sufficiency of the evidence de novo, and we view the evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." United States v. Keller, 916 F.2d 628, 632 (11th Cir. 1990).

We review for harmful error an argument that the court reporter failed to transcribe all of the trial proceedings. United States v. Upshaw, 448 F.2d 1218, 1224 (5th Cir. 1971).

## III. DISCUSSION

Wooten raises four arguments against his convictions and sentences. First, he argues that the rebuttal argument of the government improperly shifted the burden of proof, was prosecutorial misconduct, and entitles him to a new trial. Second, he argues that the evidence was insufficient to support a conviction for use of a firearm during a drug trafficking offense. Third, he argues that significant omissions in the trial transcript entitle him to a new trial. Fourth, he argues that the district court erred when it sentenced Wooten under a mandatory Guidelines regime. We address each argument in turn.

*A. The Rebuttal Argument Regarding the Burden of Proof*
*Does Not Entitle Wooten to a New Trial.*

Wooten argues that the rebuttal argument of the government, which involved two statements, improperly shifted the burden of proof and requires a new trial. "Prosecutorial misconduct requires a new trial only if we find the remarks (1) were improper and (2) prejudiced the defendant's substantive rights." United States v. Hernandez, 145 F.3d 1433 (11th Cir. 1998). We consider

Wooten's argument regarding the two statements of the government separately.

The first statement, "[T]here is no evidence to rebut the Government's evidence," was improper but did not require a new trial. The statement improperly shifted the burden of proof by implying that Wooten needed to present evidence, but no prejudice occurred. The district court promptly and correctly instructed the jury on the burden of proof, and we have no reason to doubt that the jury followed those instructions. See United States v. Simon, 964 F.2d 1082, 1087 (11th Cir. 1992).

The second statement, that the government did not need an expert to prove that it was Wooten's voice on the recordings, was not improper. The government was responding to Wooten's argument that the government had failed to produce an expert to testify about the voice on the recordings. The statement was a commentary on the evidence, not Wooten's absence of proof, and the government did not allude to the burden of proof.

*B. The Evidence Was Sufficient to Convict Wooten of Carrying a Firearm During and Possessing a Firearm in Furtherance of a Drug Trafficking Offense.*

Wooten argues that the evidence was insufficient to support his convictions on Counts Seven and Ten under 18 U.S.C. § 924(c)(1)(A)(i), which applies to "any person who, during and in relation to any crime of violence or drug

trafficking crime . . . <u>uses</u> or <u>carries</u> a firearm, or who, in furtherance of any such crime, <u>possesses</u> a firearm . . . ." (emphases added). Count Seven charged that Wooten carried a firearm on January 5, 2004, when McNeal purchased crack cocaine and a handgun from Wooten. Count Ten charged that Wooten possessed three firearms on January 9, 2004, when the police searched Wooten's trailer. Wooten contends that there was no evidence that he used the firearm, and he cites <u>Bailey v. United States</u>, 516 U.S. 137, 144, 116 S. Ct. 501, 506 (1995), which addresses the "use" component of the statute but has no bearing on charges of carrying or possession.

Wooten's arguments fail. With respect to Count Seven, McNeal's testimony and the recorded conversation between McNeal and Wooten established that the handgun and the crack cocaine were sold at the same time and Wooten carried the handgun to give it to McNeal. A reasonable jury could conclude beyond a reasonable doubt that Wooten carried the gun in relation to the drug transaction. With respect to Count Ten, testimony established that the firearms were in Wooten's trailer, Wooten answered the door with a pistol in his hand because he thought he was being robbed, Wooten admitted that another of the guns and the drugs belonged to him, Wooten took possession of the third gun to discard it, and the trailer was used for drug trafficking. A reasonable jury could

8

conclude beyond a reasonable doubt that Wooten possessed the firearms to protect his supply of drugs and currency.

*C. The Transcript Omissions Do Not Entitle Wooten to a New Trial.*

Wooten argues that the court reporter's failure to transcribe the recordings that the government replayed during its rebuttal argument requires a new trial. When a new attorney represents the defendant on appeal, we require a new trial if there is a "substantial and significant" omission from the trial transcript. United States v. Charles, 313 F.3d 1278, 1283 (11th Cir. 2002). Wooten does not explain how the omissions were substantial and significant, and we conclude that they were not.

The recordings were already admitted in evidence, and they were transcribed when they were first played during the case-in-chief of the government. Wooten alleges "severe[] prejudice," but any error was harmless. The government identified each of the five replayed excerpts and quoted portions of the recorded dialogue, so Wooten's counsel could have fully reconstructed the rebuttal argument. This inconvenience is not an impediment to meaningful review, see id., and is not reversible error.

*D. Sentencing Under the Guidelines, as Mandatory, Was Harmful Error.*

Wooten argues and the government concedes that the district court applied

9

the Guidelines as mandatory regarding the sentences for Counts One through Six and Counts Eight and Nine. This Booker error is harmless "if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (internal quotation marks and alterations omitted). The government concedes that it cannot meet its burden of proving harmless error, because nothing in the record suggests that the court would have imposed the same sentences under an advisory Guidelines system. Because "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)," United States v. Davis, 407 F.3d 1269, 1271 (11th Cir. 2005), we cannot conclude that the error was harmless.

Although we remand for resentencing under an advisory Guidelines system, we reject two aspects of Wooten's arguments about his sentences. First, because Wooten admitted the facts used to enhance his sentence by not objecting to the PSI, no constitutional Booker error occurred. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Second, because the district court sentenced Wooten to the statutory minimum sentences with respect to Counts Seven and Ten, no error occurred with respect to those sentences. Id. at 1333 n.10.

10

## IV. CONCLUSION

We **AFFIRM** Wooten's convictions, **VACATE** Wooten's sentences for Counts One through Six and Counts Eight and Nine, and **REMAND** for resentencing.