[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12277
Non-Argument Calendar

_____

D. C. Docket No. 04-00006-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE LEE WOOTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 23, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eddie Wooten appeals his sentence of 720 months of imprisonment for possession of a firearm by a felon, see 18 U.S.C. §§ 922(g)(1), 924(e), distribution of cocaine base, see 21 U.S.C. § 841(a)(1), possession of a firearm during and in relation to a drug trafficking crime, see 18 U.S.C. § 924(c)(1)(A)(i), and possession of three firearms in furtherance of a drug trafficking crime, see id. §§ 924(c)(1)(A) and (c)(1)(C)(i). Wooten argues that the district court erred when it enhanced Wooten's sentence based on facts that were not alleged in the indictment or found by a jury and the district court imposed an unreasonable sentence. We affirm.

Wooten first argues that the district court violated Wooten's rights under the Fifth and Sixth Amendments to the Constitution when it enhanced Wooten's sentence based on facts not alleged in the indictment or found by a jury. Wooten's argument, which was also raised in an earlier appeal of his sentence, is barred by the law-of-the-case doctrine. Under that doctrine "an issue decided at one stage of a case is binding at later stages of the same case." Schiavo ex. Rel. Schlindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005) (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1313 (11th Cir. 2000)) (internal quotation marks omitted). We concluded in an earlier appeal that, "because Wooten admitted the facts used to enhance his sentence by not objecting to the PSI, no constitutional

2

Booker error occurred." United States v. Wooten, 202 Fed. Appx. 429, 434 (11th Cir. 2006).

Wooten next argues that the district court imposed an unreasonable sentence. Wooten argues that the district court failed to consider the statutory sentencing factors, see 18 U.S.C. § 3553(a), or acknowledge its discretion to vary from the sentencing guidelines. These arguments also fail.

We review a sentence for reasonableness, United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005), which is "a deferential abuse-of-discretion standard," Gall v. United States, No. 06–7949, slip op. at 2 (U.S. Dec. 10, 2007). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, slip op. at 12. We then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788.

The district court did not abuse its discretion when it imposed on Wooten a

sentence of 720 months of imprisonment. The transcript of the sentencing hearing establishes that the district court sentenced Wooten after careful consideration of Wooten's arguments in favor of mitigation, the advisory sentencing guidelines, and the sentencing factors of section 3553(a). The district court also referred to the sentencing guidelines as "advisory." Wooten's sentence at the low end of the advisory guidelines range was reasonable.

Wooten's sentence is

**AFFIRMED.**